IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　Washington Field Office<br>　　131 M Street, N.E., Ste. 4NW02F<br>　　Washington, D.C. 20507<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL SPINE & PAIN CENTERS, LLC<br>　　11921 Rockville Pike, Suite 505<br>　　Rockville, MD 20852<br>　　Montgomery County, MD<br><br>　　　　　Defendant. | CIVIL ACTION NO._____<br><br><br><br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Ronda Terrell ("Terrell"), who was employed with Defendant as a Patient Services Coordinator when she was diagnosed with breast cancer. As is alleged with greater particularity in the Statement of Claims below, Defendant violated the ADA when it terminated Terrell because she needed medical leave to undergo and recover from a lumpectomy.

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, National Spine and Pain Centers, LLC ("Defendant"), has continuously been doing business within the jurisdiction of the United States District Court for the District of Maryland, and has continuously had at least 15 employees.

5. At all relevant times, National Spine and Pain Centers, LLC, has continuously maintained its principal place of business and headquarters in Rockville, Maryland. Headquarters-level senior managers, including but not limited to the Director of Human Resources, recommended, made and/or approved the discriminatory decision at issue in this lawsuit. Headquarters-level senior managers also created records to document the decisions that are at issue in this lawsuit.

6. At all relevant times, National Spine and Pain Centers, LLC, has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

7. At all relevant times, National Spine and Pain Centers, LLC, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Khalida Rafiq, a former employee of Defendant, filed a Charge of Discrimination with the Commission alleging that she had been denied medical leave as a reasonable accommodation and unlawfully terminated by Defendant in violation of the ADA.

9. In the course of its investigation of Rafiq's Charge of Discrimination, the EEOC learned of ADA violations by Defendant against other employees, including Ronda Terrell.

10. On July 19, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA by, *inter alia*, discriminating against a class of individuals with disabilities, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. After issuing the Letter of Determination, the EEOC engaged in communications with Defendant to provide it the opportunity to remedy the unlawful employment practices described in the Letter of Determination.

12. During the conciliation process, the Parties engaged in communications about Ronda Terrell, who the EEOC had identified as a former employee who had been subjected to the discrimination described in the Letter of Determination.

13. On September 26, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. At all relevant times, Ronda Terrell was an individual with an actual disability and record of a disability as defined by the ADA.

16. At all relevant times, Terrell had breast cancer.

17. At all relevant times, and a result of her disability, Terrell was substantially limited in major life activities, including but not limited to the bodily function of normal cell growth.

18. Terrell's diagnosis and treatment plan were documented in a doctor's note that she shared with Defendant. In addition, Terrell discussed her diagnosis and treatment plan with Defendant.

19. Defendant hired Terrell in or around June 2016 at its Harrisonburg, Virginia, office as a Patient Services Coordinator.

20. At all relevant times, Terrell could perform the essential functions of the Patient Services Coordinator Position with or without reasonable accommodations.

21. On or around January 12, 2017, Terrell informed Defendant that she had been diagnosed with breast cancer, would be undergoing a lumpectomy on January 24, 2017, and would need to be on medical leave until a week after her surgery. Though at this time she presented a note from her surgeon that did not specify a return-to-work date, Terrell made clear that, according to her surgeon, she would be ready to return to work one week after surgery.

22. On or around January 13, 2017, Defendant issued a letter to Terrell terminating her employment because she required time off for a medical condition and was not yet eligible for leave under the Family and Medical Leave Act. The termination letter was signed by Defendant's

Director of Human Resources, Sherri Wisner, who worked at Defendant's Rockville, Maryland, headquarters office.

23. Terrell was medically able to return to work as of January 29, 2017.

24. Since at least January 2017, Defendant engaged in unlawful employment practices in violation of Sections 102(a) and (b)(5)(A), (B) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(A), (B), by failing to provide Terrell with a reasonable accommodation for her disability, by denying her employment opportunities based on the need to make reasonable accommodation, and by terminating her because of her disability and/or record of disability.

25. The effect of the practices complained of in paragraphs 15 - 24 above has been to deprive Terrell of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and record of disability.

26. The effect of the practices complained of in paragraphs 15 - 24 above has been to deprive Terrell of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her disability and record of disability.

27. The unlawful employment practices complained of in paragraphs 15 - 24 above were intentional.

28. The unlawful employment practices complained of in paragraphs 15 - 24 above were done with malice or with reckless indifference to the federally protected rights of Terrell.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to reasonably accommodate any individual with a disability and from engaging in any employment practice which discriminates on the basis of a disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA.

D. Order Defendant to make Terrell whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement.

E. Order Defendant to make Terrell whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to make Terrell whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of

herein, including emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

G. Order Defendant to pay Terrell punitive damages for its malicious and reckless conduct described herein, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

s/ Maria Luisa Morocco
MARIA LUISA MOROCCO
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington Field Office
131 M St., NE
Suite 4NW02F
Washington, DC 20507
Phone: (202) 419-0724
Fax:    (202) 653-6053
Maria.Morocco@eeoc.gov
Federal Bar No. 24357

s/ Ashley M. Martin
ASHLEY M. MARTIN
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington Field Office
131 M St., NE
Suite 4NW02F
Washington, DC 20507
Phone: (202) 419-0749
Fax:    (202) 653-6053
Ashley.Martin@eeoc.gov
PA 313607


ATTORNEYS FOR PLAINTIFF

Dated:       January 9,2020